# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| JOHN S. MCNULTY, *et al.*, | * |
| Plaintiffs, | * |
| v. | *    Case No.: SAG-16-2426 |
| ROBERT A. CASERO, JR., *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Almost four years ago, John S. McNulty and Carolyn McNulty filed a declaratory judgment and ejectment against their neighbors, Robert A. Casero, Jr. and Catherine Mary Hattenburg, bringing claims under property and tort law. Compl., ECF No. 1. The McNultys claim that the boundary line that runs along the southern edge of their property and the northern edge of Casero and Hattenburg's property—and corresponds with the Mason-Dixon Line that has demarcated the Maryland–Pennsylvania border for more than 250 years—lies within the land that Casero and Hattenburg wrongfully claim to own, resulting in Defendants' alleged interference with the McNultys' property rights. Am. Compl., ECF No. 10. Judge Motz agreed in a January 5, 2017 Memorandum and Order that "establishes that the McNultys prevail on the issue of where the southern border of their property lies" and that "[t]he McNultys own the disputed portions of land that lie south of Salt Lake Road." *McNulty v. Casero*, No. SAG-16-2426, 2019 WL 5454900, at *5 (D. Md. Oct. 24, 2019); *see* Jan. 5, 2017 Mem. & Order, ECF Nos. 22-1, 23.

Still, litigation continues regarding liability on the McNultys' tort claims and as to damages. *See McNulty*, 2019 WL 5454900, at *5–8 (noting that Judge Motz's Memorandum did not resolve "the

Caseros' liability on each tort claim the McNultys assert"—trespass, trespass to chattel, conversion, continuing trespass, continuing nuisance, and slander of title). Trial is slated for September 2020. This Memorandum Opinion and Order addresses the McNulty's Motion to Strike Defendants' Expert Designations, ECF No. 80.[1] Because some, but not all, of the witnesses qualify as hybrid witnesses, I will grant the McNultys' motion in part and deny it in part.

## **Background**

On November 22, 2017, Casero and Hattenburg served an Amended Expert Witnesses Disclosure, listing Aimee C. O'Neill as an expert witness, along with an expert report for O'Neill pursuant to Federal Rules of Civil Procedure 26(a)(2)(B). Am. Disclosure, ECF No. 80-2. In the Amended Disclosure, Defendants also listed twelve witnesses whom they characterize as hybrid fact/expert witnesses. *Id.* (identifying nine of the thirteen experts as hybrid witnesses); *see* Defs.' Opp'n 6 (clarifying that all but O'Neill are hybrid witnesses). The proffered hybrid witnesses are: Michael Birch, Esq., Richard E. Lattanzi, Esq., and Robert Kahoe, Esq., attorneys who previously represented Defendants; Erich Schmitt, David Simpson, and Jon P. Meyers, who are licensed surveyors, and Joseph W. Shaw, who was a licensed surveyor but now is deceased; Julia Doyle Bernhardt, Esq., Chief of Litigation at the Office of the Attorney General of the State of Maryland, who corresponded with defense counsel on November 8, 2017 about the property line dispute; Margaret Hartka, Esq., Senior Assistant County Attorney for Harford County Office of Law, who corresponded with defense

---

[1] Judge Gallagher, who now is presiding over this case, referred this motion and two of the other pending discovery motions, ECF Nos. 77 and 81, to me. ECF No. 135. Judge Russell, who presided over this case after Judge Motz and before Judge Gallagher, originally denied these motions without prejudice on March 28, 2018. ECF No. 99. After the case was reassigned to Judge Gallagher on September 18, 2019, she granted the parties' request to reinstate these motions, among others, on October 15, 2019. ECF No. 118. The McNultys filed a memorandum in support of their motion to strike, ECF No. 80-1, and Defendants filed an opposition, ECF No. 126. Plaintiffs did not file a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

2

counsel on January 10, 2017 about the property line dispute; David L. Reddecliff, Chief Clerk/Open Records Officer for the Pennsylvania House of Representatives, who corresponded with defense counsel on September 20, 2017 to deny access to correspondence that counsel sought regarding the property line dispute; Anthony C. Aliano, Esq., Right-to-Know Appeals Officer, to whom Reddecliff directed counsel to address any appeal of the denial; and Adam Snyder, Esq., Assistant Attorney General for the State of Maryland.

The McNultys challenge every witness designation, except O'Neill's, and move to strike them. They contend that the Amended Disclosure does not conform with Rule 26(a)(2)(B)'s requirements for expert witness designations. Pls.' Mem. 3. Plaintiffs also argue that the proposed testimony "exceed[s] the scope of the Court order" because several of the experts "purport to inform the jury how Judge Motz' Order was wrong." *Id.*

Casero and Hattenburg counter that these are hybrid witnesses, such that Rule 26(a)(2)(C) applies, not 26(a)(2)(B). Defs.' Opp'n 3–6. As for the scope of the testimony, they argue that, even if there is "disagree[ment] with Judge Motz's ruling (ECF 22-1)," the witnesses' "testimony is not offered to change the Court's ruling" but rather to support Defendants' "good faith and advice of counsel defenses." *Id.* at 4.

## Analysis

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skills, experience, training, or education" may provide opinion testimony at trial if the witness's "knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," the testimony has a sufficient factual basis and "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. To present testimony from any expert witness at trial, a party first must comply

with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(A) by disclosing the witness's identity. *See Barnes v. Costco Wholesale Corp.*, No. JKB-18-3377, 2019 WL 3767506, at *2 (D. Md. Aug. 9, 2019). What more must be disclosed "at the times and in the sequence that the court orders," Fed. R. Civ. P. 26(a)(2)(D), depends on whether the witness is a retained or specially employed expert, or a hybrid witness, that is, a fact witness with expertise that will inform his or her testimony. *See* Fed. R. Civ. P. 26(a)(2)(B), (C); *Barnes*, 2019 WL 3767506, at *2 (noting that the testimony of treating physicians (who often are given as examples of hybrid witnesses) "is subject to the summary disclosure requirements of Rule 26(a)(2)(C) . . . . because the testimony of treating physicians as to facts and opinions concerning their treatment, such as diagnosis etc., is necessarily based on their specialized knowledge as physicians" (emphasis removed)). A witness is a hybrid fact/expert witness when "testimony is given arising out of personal observations made in the normal course of duty." *Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, No. JKB-17-00252, 2019 WL 2359441, at *1 (D. Md. June 4, 2019) (quoting *Nat'l R.R. Passenger Corp. v. Ry. Express, LLC,* 268 F.R.D. 211, 216 (D. Md. 2010)).

If the party retained or specially employed the witness to provide expert testimony, then "Rule 26(a)(2)(B) further requires litigants to produce [a] written report[] for [that] witness." *Barnes*, 2019 WL 3767506, at *2. In contrast, if the witness is a hybrid witness, "the party intending to call the[] witness[] must provide 'the subject matter on which the witness is expected to present evidence' and 'a summary of the facts and opinions to which the witness is expected to testify,'" but not a written report. *Moore v. Peitzmeier*, No. TDC-18-2151, 2020 WL 94467, at *12 (D. Md. Jan. 7, 2020) (quoting Fed. R. Civ. P. 26(a)(2)(C)). To "prevent surprise and prejudice" at trial, if a party does not comply with these disclosure requirements, then "[u]nder Rule 37(c)(1), a district court shall exclude testimony." *Barnes*, 2019 WL 3767506, at *2 (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)).

Casero and Hattenburg provided the subject matter and a summary of the expected testimony for each of the twelve designated witnesses whose designations the McNultys challenge, and Defendants insist that nothing more is required by Rule 26(a)(2) because these are not retained or specially employed experts. Defs.' Opp'n 2. The McNultys argue that, notwithstanding the labels Defendants assigned, these are expert, not hybrid, witnesses because "the nature of the proffered testimonies indicates otherwise, as the testimonies concern technical knowledge, rely on information acquired beyond the normal duties of the identified individuals, call for hypotheticals, and concern opinions formed for litigation." Pls.' Mem. 6. Of course, a hybrid witness, like an expert witness, has specialized knowledge and may provide opinion testimony. *See* Fed. R. Civ. P. 26(a)(2)(B), (C); *Barnes*, 2019 WL 3767506, at *2. Thus, the issue is whether the witness was familiar with the facts of the case before being asked to testify. *See Adell Plastics*, 2019 WL 2359441, at *1; *Nat'l R.R. Passenger Corp.*, 268 F.R.D. at 216.

It is true that "a party cannot convert a traditional expert into a hybrid fact/expert witness simply by failing to engage him to provide the expert testimony the party seeks." *Skanska USA Bldg., Inc. v. J.D. Long Masonry, Inc.*, No. SAG-16-933, 2019 WL 3323210, at *7 (D. Md. July 24, 2019). When a witness's "only involvement [in the case or with the parties] occurred in the context of having been hired to provide an expert opinion," such that the witness "has no testimony to supply as a fact witness," the witness does not qualify as a hybrid witness, regardless of his or her designation. *See id.* "A party seeking to avoid producing an expert report bears the burden of demonstrating that the witness is a hybrid." *Adell Plastics*, 2019 WL 2359441, at *1 (quoting *Meredith v. Int'l Marine Underwriters*, No. JKB-10-837, 2011 WL 1466436, at *4 (D. Md. Apr. 18, 2011)).

Casero and Hattenburg assert that the testimony of many of the witnesses supports their "good faith and advice of counsel defenses." Defs.' Opp'n 4. The advice of counsel defense applies when "a party 'attempt[s] to establish his own blamelessness by casting the blame for his conduct on

5

his . . . attorney.' It does not involve the denial of wrongdoing, but rather, attempts to 'negate wrongdoing' where it was based on the advice of counsel." *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 560 (D. Md. 2018) (quoting *Fraidin v. Weitzman*, 611 A.2d 1046, 1075 (Md. Ct. Spec. App. 1992)). The client must "rel[y] in good faith upon the advice given" and "'believ[e] such advice to be sound,'" but there is no requirement that the advice of counsel actually be sound advice. *See Manown v. Adams*, 598 A.2d 821, 826 (Md. Ct. Spec. App. 1991) (quoting *Hyde v. Greuch*, 62 Md. 577, 580 (1884)), *vacated on other grounds,* 615 A.2d 611 (Md. 1992).

I will consider the designated witnesses in turn.

**The Attorneys**

Michael Birch, Esq. previously "represented the Caseros with regard to their property boundaries," during which time he "perform[ed] a title search" and "recommended and prepared a confirmatory deed." Defs.' Am. Disclosure 2. Richard E. Lattanzi, Esq. also previously represented Casero and Hattenburg. He was their attorney "in 2014 with regard to allegations by the McNulty[]s about the fence, a few feet south of Salt Lake Road," and he advised them that they "were entitled to remove the fence." *Id.* at 13, 14. Likewise, Robert Kahoe, Esq. previously "represented the Defendants in approximately 2014-2015 with regard to allegations by the McNulty[]s about the fence, a few feet sought of Salt Lake Road" and "advised the Defendants that the McNultys' claim to the fence was not valid." *Id.* at 14. Therefore, they qualify as hybrid witnesses who have expertise as attorneys and personal knowledge of the facts underlying the case; they were not retained only to provide expert opinions. *See Skanska*, 2019 WL 3323210, at *7; *Adell Plastics*, 2019 WL 2359441, at *1. No written reports were required, *see* Fed. R. Civ. P. 26(a)(2)(C), and Rule 37(c)(1) does not provide a basis for striking their designations. Casero and Hattenburg may not, however, offer these attorneys' testimony to challenge Judge Motz's holding regarding the location of the property line. Because a

6

reasonable juror could perceive testimony about Defendants' good faith belief as testimony about the location of the property line, the McNultys may request a limiting instruction. *See* Fed. R. Evid. 105.

**The Surveyors**

Erich Schmitt, a licensed surveyor, surveyed the parties' properties and neighboring properties, "communicated his results to the Caseros before the Caseros exercised any control over the land south of Salt Lake Road," and Defendants "relied upon his report regarding the location of the Mason Dixon line." Defs.' Am. Disclosure 8–9. Similarly, David Simpson, a licensed surveyor, "performed a survey of the McNultys' property lines" and told the parties that "the Mason Dixon Line falls 'in and through Salt Lake Road' before the McNultys filed suit and that the southern boundary of the McNulty's property was not south of Salt Lake Road." *Id.* at 10–11. Jon P. Meyers also is a licensed surveyor whom "Plaintiffs hired . . . to survey their property on several occasions." *Id.* at 11. Meyers "signed a statement with Mr. Schmitt informing the McNultys and the Caseros that the earlier Shaw surveys were erroneous." *Id.* at 12. As with the attorneys discussed above, these surveyors may testify about their work and opinions. No written report is required. *See* Fed. R. Civ. P. 26(a)(2)(C). I also will not strike these expert designations. The McNultys may, however, request limiting instructions under Fed. R. Evid. 105 if the surveyors' testimony appears to present opinions for the jury to consider regarding the location of the property line. For example, testimony from these hybrid witnesses to "substantiate Defendants['] contention regarding the merits of Plaintiffs' case" or "to confirm that the 'Actual Mason Dixon Line' identified by Mr. Farcht is the true Mason Dixon Line," *see* Defs.' Am. Disclosure 12, would not be relevant.

As for Joseph W. Shaw, who was a licensed surveyor but now is deceased, he cannot be designated as an expert witness because he cannot provide testimony. The McNultys' motion to strike

the expert witness designation is granted. Defendants may offer Shaw's file as a business record, subject to Plaintiffs' objections at trial.

**State of Maryland and Commonwealth of Pennsylvania Employees**

Casero and Hattenburg designated Adam Snyder, Esq., Assistant Attorney General for the State of Maryland as "a hybrid fact and expert witness" to testify "as a legal expert familiar with the history and law pertaining to the Mason Dixon Line" and specifically to "opine that a Federal District Judge does not have jurisdiction to find the Mason Dixon Line lies in a place other than on a straight line between official monuments." Defs.' Am. Disclosure 10. This witness's testimony would not "aris[e] out of personal observations made in the normal course of duty." *See Adell Plastics*, 2019 WL 2359441, at *1; *Nat'l R.R. Passenger Corp.,* 268 F.R.D. at 216. He does not qualify as a hybrid witness because his "only involvement" in the case or with the parties will occur when he testifies; he "has no testimony to supply as a fact witness." *Skanska*, 2019 WL 3323210, at *7. In light of Defendants' failure to show that Snyder would qualify as a hybrid witness or to make the disclosures required by Rule 26(a)(2)(B), Plaintiffs' motion is granted, and Snyder will not be allowed to offer expert testimony. *See Barnes*, 2019 WL 3767506, at *2; Fed. R. Civ. P. 37(c)(1). In any event, his expert testimony would not be relevant as it would not support Defendants' good faith belief, but rather would challenge Judge Motz's holding. And, insofar as Casero and Hattenburg assert that Snyder "will opine that a reasonable lawyer would think that a Federal District Judge does not have jurisdiction to find the Mason Dixon Line lies in a place other than on a straight like between official monuments," this testimony likely would be subject to a Daubert challenge, and even if it passed muster, it would not be relevant because the reasonableness of counsel's advice is not an element of the advice of counsel defense. *See Manown*, 598 A.2d at 826.

Defendants insist that Julia Doyle Bernhardt, Esq., Chief of Litigation at the Office of the Attorney General of the State of Maryland, who corresponded with defense counsel on November 8, 2017 about the property line dispute, is "a hybrid fact and expert witness." Defs.' Am. Disclosure 15. This correspondence, dated approximately one and a half years *after* the McNultys filed suit on June 28, 2016, does not make her a fact witness, as her testimony would not stem from "personal observations made in the normal course of duty" about facts giving rise to this litigation. *See Adell Plastics*, 2019 WL 2359441, at *1; *Nat'l R.R. Passenger Corp.*, 268 F.R.D. at 216; *see also Skanska*, 2019 WL 3323210, at *7. Margaret Hartka, Esq., Senior Assistant County Attorney for Harford County Office of Law, also corresponded with defense counsel about the property line dispute *after* Plaintiffs filed suit. Her January 10, 2017 letter does not qualify her as a fact witness, and Defendants have not shown that she had any other involvement in the underlying events of this case. Casero and Hattenburg have not met their burden of demonstrating that Bernhardt or Hartka is a hybrid witness. *Adell Plastics*, 2019 WL 2359441, at *1. Thus, in light of Defendants' failure to make the disclosures required by Rule 26(a)(2)(B), Plaintiffs' motion is granted, and Bernhardt and Hartka will not be allowed to offer expert testimony. *See Barnes*, 2019 WL 3767506, at *2; Fed. R. Civ. P. 37(c)(1).

David L. Reddecliff, Chief Clerk/Open Records Officer for the Pennsylvania House of Representatives, corresponded with defense counsel on September 20, 2017 to deny access to correspondence that counsel sought regarding the property line dispute, and he directed counsel to address any appeal of the denial to Anthony C. Aliano, Esq., Right-to-Know Appeals Officer. Casero and Hattenburg have not shown that either person "has [any] testimony to supply as a fact witness," and therefore they do not qualify as hybrid witnesses. *See Skanska*, 2019 WL 3323210, at *7; *see also Adell Plastics*, 2019 WL 2359441, at *1. Because Defendants did not make the Rule 26(a)(2)(B) disclosures for these witnesses, Plaintiffs' motion is granted as to their expert designations. *See Barnes*, 2019 WL 3767506, at *2; Fed. R. Civ. P. 37(c)(1).

# **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 7th day of February, 2020, hereby ORDERED that

1. John McNulty and Carolyn McNulty's Motion to Strike Defendants' Expert Designations, ECF No. 80, IS GRANTED IN PART and DENIED IN PART, as follows:

   a. The expert designations of Adam Snyder, Esq., Julia Doyle Bernhardt, Esq., Margaret Hartka, Esq., David L. Reddecliff, and Anthony C. Aliano, Esq., none of whom qualify as hybrid witnesses, ARE STRICKEN;

   b. The expert designation of Joseph W. Shaw, who is deceased, IS STRICKEN;

   c. Plaintiffs' motion IS DENIED regarding the remaining witnesses—Michael Birch, Esq., Richard E. Lattanzi, Esq., Robert Kahoe, Esq., Erich Schmitt, David Simpson, and Jon P. Meyers—all of whom qualify as hybrid witnesses;

   d. Plaintiffs may request limiting instructions under Fed. R. Evid. 105 if the witness's testimony appears to present opinions for the jury to consider regarding the location of the property line.

/S/
Deborah L. Boardman
United States Magistrate Judge

lyb

10