**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |
|---|---|
| JOHN S. MCNULTY, *et al.*, | * |
| Plaintiffs, | * |
| v. | * |
|  | *   Case No.: SAG-16-2426 |
| ROBERT A. CASERO, JR., *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Compel Plaintiffs' Answers to Interrogatories, ECF No. 81. Plaintiffs filed an opposition, ECF No. 129. Defendants filed a reply, ECF No. 134. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons discussed below, the motion to compel is denied.

**Background**

Plaintiffs John McNulty and Carolyn McNulty and Defendants Robert Casero, Jr. and Catherine Mary Hattenburg dispute the ownership of a narrow swath of property along the Mason-Dixon line. The McNultys claim that the land belongs to them. On June 28, 2016, they filed a complaint in this Court alleging claims in equity to resolve the parties' disagreement about where the boundary dividing their properties lay, to remove Mr. Casero and Mrs. Hattenburg from the disputed land, and to recover damages for what the McNultys believe is a continuing trespass on the southernmost strip of their property. ECF No. 1. They also brought tort claims, seeking damages and equitable relief. *Id.* Their thirteen original claims were for a declaratory judgment, ejectment, quiet title, adverse possession, mesne profits, trespass, trespass to chattel, nuisance,

conversion, and slander of title. *Id.* They amended their complaint to augment the factual allegations, without changing their claims or relief sought. ECF No. 10.

In January 2017, Judge Motz issued a pre-discovery memorandum and order, ruling in the plaintiffs' favor on liability. ECF Nos. 22-1, 23. He subsequently issued a clarifying memorandum, in which he "confirm[ed] that discovery shall relate to the claims for relief only." ECF No. 50. After Judge Motz's decision, the defendants served interrogatories on the plaintiffs, who objected and refused to respond to a number of them because they sought information relating to liability, an issue already decided.[1] Defendants filed the pending motion to compel the plaintiffs' responses to interrogatories, insisting that the plaintiffs respond because the interrogatories pertain to damages and remedies, in accordance with Judge Motz's order. Defs.' Mot. 3. In their motion to compel, the defendants made clear that they "disagree[d] with the Court's orders regarding liability," but in accordance with the orders, they limited their motion to compel "to addressing Plaintiffs' failure to provide discovery on damages and claims for relief." *Id.* They argued that information pertaining to "scienter, intent, fault and malice are necessary elements and impact the extent of damages to be awarded," and, for the claims in equity, the Court "must consider all of the facts, the impact of the court's decision and many other factors, before it can reach an equitable decision." *Id.* They identified facts relevant to damages, such as the size of the disputed land, the appearance and location of the fence on the property, and how the defendants' use of their driveway impacted the plaintiffs' use of their land. *Id.* The defendants

---

[1] The objections at issue appear in Carolyn McNulty's second supplemental objections and responses to Catherine Hattenburg's interrogatories, ECF No. 81-1, at 1 ("Hattenburg's Interrogatories to C. McNulty"); Carolyn McNulty's first supplemental objections and responses to Robert Casero's interrogatories, ECF No. 81-1, at 27 ("Casero's Interrogatories to C. McNulty"); and John McNulty's first supplemental objections and responses to Catherine Hattenburg's interrogatories, ECF No. 81-1, at 51 ("Hattenburg's Interrogatories to J. McNulty").

asserted that "[d]iscovery related to 'claims for relief' encompasses many issues including, but not limited to, Defendants' good faith believes and the basis for those beliefs, the advice of counsel defense, and the amount of property that is allegedly being trespassed upon." *Id.* at 4. They contended that these issues are relevant to whether the Court should grant injunctive relief, for example, "whether an injunction ordering removal of the driveway is appropriate." *Id.* at 6–7. Recognizing that many of their questions concerned the location of the Mason-Dixon line, an issue that Judge Motz decided against them, defendants argued that "damages and other relief" cannot be assessed without discovery to "determine . . . where the 'originally surveyed Mason Dixon line' is." *Id.* at 4. Judge Russell, who presided over this case at the time, denied the motion without prejudice on March 28, 2018, before plaintiffs had responded. ECF No. 99.

In September 2019, the case was reassigned to Judge Gallagher, and she granted the parties' request to reinstate this motion, among others, on October 15, 2019. ECF No. 118.[2] She then issued a memorandum opinion, observing that Judge Motz's January 2017 memorandum and order "establish[ed] that the McNultys prevail on the issue of where the southern border of their property lies" and that "[t]he McNultys own the disputed portions of land that lie south of Salt Lake Road." *McNulty v. Casero*, No. SAG-16-2426, 2019 WL 5454900, at *5 (D. Md. Oct. 24, 2019). The parties finished briefing the pending motion after Judge Gallagher's October 2019 opinion.

On May 11, 2020, the plaintiffs filed a second amended complaint. ECF No. 161. They retained ten of the thirteen claims that were in the amended complaint in effect at the time the defendants propounded their interrogatories, but, significantly, they no longer seek damages on

---

[2] Judge Gallagher referred this motion to me for resolution. ECF No. 135.

any of their claims.³ Plaintiffs now seek only declaratory and equitable relief. Specifically, they request a declaratory judgment, an order permanently ejecting the defendants and ordering them to remove their driveway from the plaintiffs' land, an order quieting title, and other permanent injunctive relief. Second Am. Compl. ¶¶ 50, 54, 58, 68, 74, 82, 103, 112, 120, 127.

In their answer to the second amended complaint, the defendants persist in their argument that the plaintiffs do not own the land at issue, notwithstanding the previous orders by Judges Motz and Gallagher. ECF No. 162. Additionally, they allege that they acted in good faith and on advice of counsel when they disputed the ownership of the land and exercised their property rights on it. *Id.*

**Discussion**

When the defendants propounded the interrogatories at issue more than two years ago, plaintiffs were seeking damages and equitable relief. Now, plaintiffs no longer seek damages. Instead, they seek only equitable and injunctive relief: a declaratory judgment that plaintiffs own the title to and possess the property, a permanent injunction prohibiting the defendants from using the property, and the removal of the defendants' driveway from their property. Thus, the only remaining question to be decided is whether Judge Gallagher will require the defendants to remove their driveway from plaintiffs' property and enjoin them from using the property or whether she will grant the defendants a prescriptive easement. Those decisions will hinge, in part, on whether the defendants acted reasonably and in good faith, as well as on the facts concerning the defendants' use of the property, how their use affected the plaintiffs' property rights, and what hardship the removal of the driveway would impose on the defendants. *See Turner v. Bouchard*, 32 A.3d 527, 534 (Md. Ct. Spec. App. 2011) ("To establish an easement by prescription a person

---

³ Plaintiffs eliminated their claims for mesne profits, trespass to chattel, and conversion.

must make an adverse, exclusive, and uninterrupted use of another's real property for twenty years."); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481, 493 (D. Md. 2015) (stating that, to obtain permanent injunctive relief, the plaintiffs must "demonstrate: (1) that [they have] 'suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction'" (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006))).

Rule 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Here, nearly all of the interrogatories seek information regarding the location of the Mason-Dixon line and the plaintiffs' understanding of where the property boundary lay.  *E.g.*, Interrogatories Nos. 15, 18, 19, 24, 25 in Casero's Interrogatories to C. McNulty; Interrogatories Nos. 1–10, 15, 17, 18, and 21–25 in Hattenburg's Interrogatories to C. McNulty; and Interrogatory Nos. 3–8 in Hattenburg's Interrogatories to J. McNulty.  That information, to the extent it might have been relevant before the second amended complaint was filed, no longer is.  The ownership of the disputed swath of land has been decided in the plaintiffs' favor by Judge Motz, and plaintiffs now seek only equitable relief.  Therefore, the only remaining issue in the case is whether the driveway must be removed or whether it may remain.  None of the interrogatories seeks information relevant to resolving that issue.  Moreover, defendants have had ample opportunity to seek discovery on the one remaining issue.

Because the information requested in the interrogatories is not relevant to the last unresolved matter in this case—whether the defendants must remove their driveway from and stay off the plaintiffs' property—the motion to compel is denied.

Date: <u>May 22, 2020</u>                                    <u>         /S/               </u>
                                                                                    Deborah L. Boardman
                                                                                    United States Magistrate Judge