**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 24, 2020

LETTER OPINION

RE:     *McNulty, et al. v. Casero, et al.*,
        Civil No. SAG-16-2426

Dear Counsel:

Pending are two motions by Plaintiffs John and Carolyn McNulty ("Plaintiffs"): a Motion for Attorney Fees, ECF 58, and a Motion to Strike, ECF 67. I have reviewed the relevant oppositions and replies thereto. *See* ECF 59, 60, 63, 67, 72, 79. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, both Motions will be denied.

**I.      Background**

The Motion for Attorney Fees stems from an earlier discovery dispute. On September 27, 2017, Plaintiffs filed an Emergency Motion for Protective Order and to Quash Subpoenas. ECF 56. In essence, Plaintiffs sought to quash twelve subpoenas and notices of depositions Defendants had served on September 25, 2017. ECF 56-1 at 3-5. According to Plaintiffs, the depositions all sought testimony "on the issue of liability," which they believed to be outside the scope of discovery, based on a previous order issued by the presiding judge, United States District Judge J. Frederick Motz. *Id.* at 6-9; *see* ECF 50 (the Order that Plaintiffs relied upon, which stated, "This will confirm that discovery shall relate to the claims for relief only"). The *ad damnum* clause on the first page of Plaintiffs' Motion requested four specific forms of relief: (1) the entry of a protective order; (2) an order quashing the twelve subpoenas; (3) an order continuing the noted depositions; and (4) an award of attorneys' fees and costs that Plaintiffs incurred in bringing the motion. ECF 56 at 1. On September 29, 2017, Judge Motz granted the Motion through a Marginal Order. ECF 57. The Order consists of the front page of Plaintiffs' Motion, with the word "granted" handwritten in the bottom left-hand margin, accompanied by Judge Motz's signature. *Id.*

Plaintiffs thereafter filed a "Statement of Applicable Fees and Costs Incurred in Pursuing Emergency Motion for Protective Order and to Quash Subpoenas," which was docketed as a Motion for Attorney Fees. ECF 58. The Motion assumed that Judge Motz's Marginal Order had granted Plaintiffs all of their requested relief, including attorneys' fees. Defendants filed an opposition, ECF 59, and Plaintiffs replied, ECF 60. In that Reply, Plaintiffs, for the first time, expounded on the reasons why Federal Rule of Civil Procedure 37 entitled them to a fee award. ECF 60, ¶¶ 4-5. Defendants thereafter filed another argumentative brief, which responded to the substantive arguments Plaintiffs had raised for the first time in their Reply brief. *See* ECF 63.

*McNulty, et al. v. Casero, et al.*,
Civil No. SAG-16-2426
June 24, 2020
Pg. 2

## II.  Plaintiffs' Motion to Strike, ECF 67

Taking the motions out of turn, I first address Plaintiffs' Motion to Strike.  Plaintiffs seek to strike ECF 63 from the record, characterizing it as an improper surreply.  ECF 67, ¶¶ 1-4.  As the circumstances giving rise to the instant motions demonstrate, there was substantial confusion as to whether Judge Motz's Order actually granted Plaintiffs' request for attorneys' fees.  In any event, Plaintiffs' initial Statement, ECF 58, made no legal argument as to their entitlement to attorneys' fees.  Once Defendants questioned whether Plaintiffs had, in fact, obtained an award of attorneys' fees, ECF 59, Plaintiffs then provided a legal basis for their requested fee award in their Reply, ECF 60.  Given the procedural confusion, and the fact that Defendants were unable to contest in their opposition legal arguments Plaintiffs had not yet raised, Plaintiffs' Motion to Strike will be denied.  *See, e.g.*, *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 868 F. Supp. 2d 468, 496-97 (D. Md. 2012) ("Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply.").

## III.  Plaintiffs' Motion for Attorney Fees, ECF 58

I now address the merits of the "Statement of Applicable Fees and Costs," docketed as a Motion for Attorney Fees.  As noted, Plaintiffs' Motion for Attorney Fees assumes that because Judge Motz wrote the word "granted" on the first page of their Emergency Motion, Judge Motz granted *all* of Plaintiffs' requested relief, including their requested fees and costs.  ECF 58 at 1.  As described below, in my interpretation of Judge Motz's Marginal Order, this assumption is misplaced.

Plaintiffs brought their Emergency Motion under Rules 26(c) and 45(d).  The basis for any attorneys' fees award must come from one of these two provisions.  Taking Rule 45 first, it provides that sanctions, including attorneys' fees, are available if a party or his attorney issues subpoenas that impose an "undue burden expense on a person *subject to the subpoena*."  Fed. R. Civ. P. 45(d)(1) (emphasis added).  But typically, parties to the litigation do not have standing to challenge a subpoena directed at a non-party, "unless the party claims some personal right or privilege in the information sought by the subpoena."  *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam); *see also In re Grand Jury Subpoena John Doe, No. 05GJ1318*, 584 F.3d 175, 184 n.14 (4th Cir. 2009); *Enovative Techs., LLC v. Leor*, No. JKB-14-3956, 2015 WL 3545579, at *2 (D. Md. June 3, 2015); *Robertson v. Cartinhour*, No. AW-09-3436, 2010 WL 716221, at *1-2 (D. Md. Feb. 23, 2010).  Given that Plaintiffs made no argument that they had standing to do so in their Emergency Motion, *see* ECF 56-1 at 5-14, Rule 45 could not have served as the basis for Judge Motz's decision.

Instead, Judge Motz's decision must have relied on Rule 26(c)(1), which allows a party to move the Court for a protective order in order to protect themselves "from annoyance, embarrassment, oppression, or undue burden or expense."  This aligns with Plaintiffs' argument in their Emergency Motion, which contended that the subpoenas and depositions constituted an undue burden on Plaintiffs, since the information sought in those subpoenas and depositions was alleged to be outside the scope of discovery.  ECF 56-1 at 5-10.  This also aligns with case law

*McNulty, et al. v. Casero, et al.*,
Civil No. SAG-16-2426
June 24, 2020
Pg. 3

from courts in this District, and in this Circuit, holding that a party to the litigation may quash subpoenas issued to non-parties through a Rule 26(c) protective order. *See, e.g.*, *EEOC v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2998483, at *4 (E.D.N.C. July 6, 2017) (quoting *Brown v. Mountainview Cutters, LLC*, No. 7:15-cv-204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016); *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013); *Singletary v. Sterling Transport Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012) (collecting cases); *Sirpal v. Wang*, No. WDQ-12-0365, 2012 WL 2880565, at *4 n.12 (D. Md. July 12, 2012).

Having determined that Judge Motz's Marginal Order necessarily afforded relief under Rule 26(c), I next consider whether the Marginal Order can plausibly be considered as having awarded Plaintiffs' requested fees under that Rule. Parties who successfully obtain a protective order may seek an award of expenses, including reasonable attorneys' fees, pursuant to the framework set forth in Rule 37(a)(5). *See* Fed. R. Civ. P. 26(c)(3). Defendants argue, however, that Judge Motz's Order could not have awarded Plaintiffs attorneys' fees, because Defendants had been given no opportunity to be heard on the fee request. I agree.

While Rule 37 does speak in mandatory terms, a fee award is not automatic. Specifically, Rule 37(a)(5) provides that if a motion for a protective order is granted,

> the court must, *after giving an opportunity to be heard*, require the party . . . whose conducted necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii)  other circumstances make an award of expenses unjust.

(emphasis added). Thus, the plain language of Rule 37 requires that the sanctioned party be given some opportunity to demonstrate that one of the three considerations in Rule 37(a)(5)(A)(i)–(iii) bar an attorneys' fees award before the issuance of sanctions. At least one court in this District has held that this opportunity may come through an opposition brief to a discovery motion that also includes a request for attorneys' fees. *Trs. of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mechanical, Inc.*, No. JKB-17-3690, 2018 WL 6305779, at *3 n.2 (D. Md. Dec. 3, 2018). But Defendants here never had such an opportunity, given that Judge Motz ruled without awaiting an opposition from Defendants.

Accordingly, in my view, Judge Motz's ruling could not have included an award of attorneys' fees pursuant to Rule 37. I must therefore independently assess whether such an award is warranted under the Rule 37(a)(5) framework set forth above. As described below, Plaintiffs' request suffers from three fatal flaws.

*McNulty, et al. v. Casero, et al.*,
Civil No. SAG-16-2426
June 24, 2020
Pg. 4

First, I agree with Defendants that a fee award, under the particular circumstances surrounding Plaintiffs' Emergency Motion, would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The emails that Plaintiffs attached to their Emergency Motion, ECF 56-2, only tell part of the story. The twenty pages of emails that Defendants submitted in opposing Plaintiffs' fee request, ECF 63-1, show that beginning in May, 2017, counsel for Defendants, Mr. Collins, sought opposing counsel's availability for depositions of the same individuals that were the subject of Plaintiffs' Emergency Motion. ECF 63-1 at 14-15.[1]  Then, on September 12, 2017, Mr. Collins reinitiated these discussions, seeking opposing counsel's availability for these same depositions, because opposing counsel still had not provided their availability. *Id.* at 20.  In a September 18, 2017 follow-up, he noted, "I'd like to keep the depositions short and take as many as possible on the same day." ECF 63-1 at 16.  He then provided a list of nine dates in October for the depositions to occur, citing an upcoming vacation as eliminating two weeks' worth of availability. *Id.*

The emails are replete, however, with opposing counsel's apparent effort to avoid scheduling the depositions. *See, e.g.*, *id.* at 18 (Sept. 12, 2017 email from Mr. Chang to Mr. Collins) ("We have your emails, and discovery requests, and filings.  We will respond in due course in accordance with the rules and orders of the Court.  We'll try to get in touch with you on Thursday [the 14th]."); *id.* at 17 (Sept. 14, 2017 email from Mr. Chang to Mr. Collins) ("FJ:  The day got away from both Amy and me.  We will try to give you a call next week.").  During a conference call between all counsel on September 18th, opposing counsel still failed to provide dates for the depositions to occur. *Id.* at 13.  In a follow-up email, opposing counsel suggested to Mr. Collins that he "provide us with some blocks of time during which you would like to take depositions and we would work with you to schedule them.  I also asked that you build in sufficient time for any motions we may have regarding the propriety of the deposition." *Id.* at 12.  Mr. Collins left the conference call with the view that he "ha[d] no alternative but to start noting depositions," but informed opposing counsel that he "w[ould] try to remain flexible on dates but I cannot delay," citing a "fast approaching" discovery deadline and, astutely, more motions practice surrounding the depositions. *Id.* at 13.  The parties thereafter exchanged discussions about only scheduling depositions of Mr. and Mrs. McNulty. *Id.* at 6, 9-10.

On September 26, 2017, Plaintiffs' counsel then emailed Mr. Collins to describe their objections to the twelve depositions noted for October 2 and 4, 2017, and demanded that the notices be withdrawn. *Id.* at 5-6.  Mr. Collins declined to withdraw the notices, stating that he "wrote to each witness," and to opposing counsel, "that I am willing to change the date and time of the depositions, to accommodate schedules." *Id.* at 4.  In the remaining exchanges that day, Plaintiffs' counsel did not provide alternative dates for the depositions, even after Mr. Collins's renewed inquiry on September 27. *Id.* at 2-4.  Plaintiffs' counsel did not correspond further with Mr. Collins until approximately 8:00 p.m. on September 27, *after* they filed their Emergency Motion. *Id.* at 1-2.

---

[1] The Court again notes, as it has before, that Plaintiffs' current counsel, Mr. Moran, was not involved in these underlying events.  At the time, Plaintiffs were represented by Ms. Amy Miller and Mr. Phillip Chang, of Buchanan Ingersoll & Rooney, P.C., and Mr. John Wilburn of McGuireWoods LLP.

*McNulty, et al. v. Casero, et al.*,
Civil No. SAG-16-2426
June 24, 2020
Pg. 5

This case is yet another paradigmatic example of how the inability of counsel to work cooperatively creates vexatious litigation for the courts, and wastes a client's money. If Plaintiffs' counsel knew from the outset that they were going to object to the deposition of certain persons listed in Mr. Collins's May, 2017 email, they should have raised those substantive objections early, and attempted to resolve them amicably. If such a resolution was not feasible, then Plaintiffs' counsel should have preemptively moved for a protective order to prevent Defendants from deposing those individuals. Instead, Plaintiffs' counsel placed Mr. Collins between a rock and a hard place: either wait until Plaintiffs' counsel provided deposition dates, which might not happen within a reasonable timeframe, and risk abutting the impending December 28, 2017 discovery deadline, *see* ECF 40-1; or note the depositions, and risk a motion for protective order and accompanying fee request. To be fair, neither side is totally blameless in this situation – for instance, perhaps the best route for Mr. Collins to choose was not sending twelve deposition notices that gave opposing counsel, and the deponents, only a week to prepare, despite a professed willingness to "accommodate" their schedules. But suffice it to say that, because Plaintiffs' counsel significantly contributed to the circumstances giving rise to their "Emergency Motion," a fee award is unjust in this case. *See Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 4809842, at *5-6 (E.D. Va. Sept. 25, 2014) (finding that a Rule 37(a)(5)(A) fee award was unjust because the moving party's efforts to resolve the discovery dispute were "half-hearted," and the non-moving party's position "was not patently unreasonable").

Second, I find that Plaintiffs' Motion falls woefully short of providing the necessary support to permit the Court to assess whether the claimed fees of $10,043.35 are reasonable. This Court's Local Rules set forth the mandatory requirements for any fee petition. The motion must be accompanied by a memorandum that provides

> a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought, any additional factors which are required by the case law, and any additional factors that the attorney wishes to bring to the Court's attention.

Loc. R. 109.2(b). Moreover, Appendix B to the Local Rules mandates that fee motions be accompanied by time records, recorded "by specific task and lawyer," showing the precise number of hours worked on each relevant task. Loc. R. App. B.1(a)-(b). Plaintiffs' Fee Statement, on the other hand, contains merely half a page of unaverred assertions by counsel as to the numbers of hours worked by each counsel, the general tasks performed, and the rate charged by each attorney. ECF 58 at 2. Moreover, the information provided does not permit the Court to assess whether the hours worked on each task were reasonable, or to confirm that no attorneys double-billed for a specific task. These deficiencies, too, justify denying Plaintiffs' Motion for Attorney Fees. *See Novartis Corp. v. Webvention Holdings LLC*, No. CCB-11-3620, 2016 WL 3162767, at *2-3 (D. Md. June 7, 2016) (denying a fee petition for failure to adhere to the Local Rules, because it was supported only by a declaration that generally averred that the affiant reviewed the billing records

*McNulty, et al. v. Casero, et al.*,
Civil No. SAG-16-2426
June 24, 2020
Pg. 6

and did not note any instances of double-billing, and lacked any other evidence to allow the court to undertake a reasonableness analysis).

Finally, even assuming that Plaintiffs' former counsel had all of the records necessary to substantiate the hours worked on the Emergency Motion, the fee amount is patently unreasonable. The Fee Statement asserts that Ms. Miller (with 18 years of experience at that time), Mr. Chang (with 9 years of experience), and Ms. Meagan Roach (3 years), billed at $625.00, $571.50, and $325.00 per hour, respectively. Each of those rates falls well outside of the presumptively reasonable ranges provided in this Court's Local Rules. *See* Loc. R. App. B(3). While those ranges are not dispositive, Plaintiffs' counsel still failed to "produce satisfactory specific evidence of the prevailing market rates" in their legal community to justify the claimed rates. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). The Court is also not convinced that the collective 22.6 hours of work claimed is reasonable. The thirteen-page memorandum of law contained few citations to case law, and was comprised largely of straightforward analyses of whether each deponent's testimony was within the scope of discovery. Further, the costs that Plaintiffs' counsel incurred in contacting third parties about the scheduled depositions are not, in this Court's view, ones that were "incurred *in making the motion*" – counsel would have had to incur these expenses whether they had amicably complied in scheduling the depositions or not. R. 37(a)(5)(A); *see Burley v. Balt. Police Dep't*, No. SAG-18-1743, 2020 WL 1984906, at *3 (D. Md. Apr. 27, 2020) (finding that the costs plaintiffs' counsel incurred in forming discovery requests, and working with opposing counsel to process his delayed responses to those requests, were not recoverable upon a motion to compel, because they were not incurred in making the motion to compel).

The harm accruing to the McNultys and the Caseros – individually – is not lost on the Court. The McNultys apparently expended over $10,000 in attorneys' fees to litigate just a single motion, and the Caseros also likely incurred significant fees in the process, too. But, as explained above, the Federal Rules of Civil Procedure offer neither party any recourse. For the foregoing reasons, Plaintiffs' Motion for Attorney Fees, ECF 58, and Motion to Strike, ECF 67, are both denied. Despite the informal nature of this letter, it shall be docketed as an Opinion. A separate Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge